**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN A. TREVINO,

     Plaintiff,

    v.                                                          No. CIV 14-0195 WJ/LAM

RAMON C. RUSTIN,
TOM ZDUNEK,
THOMAS E. SWISSTACK,
DAN HOUSTON,
ART DE LA CRUZ,

     Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2). Based on the information in the record about Plaintiff's financial status, the Court will grant the motion and waive installment payments. For reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff has been incarcerated at the Bernalillo County Metropolitan Detention Center ("BCMDC") since April 2008.   During this time he has "experienced unbearable states of situations that were and are unlawfull conditions due to the overcrowding within the MDC."   He also alleges that he "signed a plea just to get some relief from the Delays in the court system."   The complaint contains two counts: one for "Facts of capacity of Housing inmates," and the other for "Challenge of Surety Bond Contract on all officials."   Plaintiff contends that Defendants' actions have violated a number of constitutional protections.   For factual support of his assertions and claims, Plaintiff requests discovery of information from Defendants regarding overcrowding at the facility.   For relief, the complaint seeks damages.

Although a civil rights complaint may be based on "notice pleading," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint is legally insufficient if it amounts to a mere fishing expedition.   "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), *quoted in Savannah v. Collins*, 547 F. App'x 874, 877 (10th Cir. 2013).   Plaintiff's only discernable allegation complains of "unbearable states of situations that were and are unlawful conditions due to the overcrowding within the MDC."   He identifies a number of consequences of the alleged overcrowding--"fights, . . . deaths, medical malpractice, . . . rape, . . . unnecessary force used by correctional officers"--but does not allege that he has been directly affected or injured by these consequences.   His request for discovery about conditions that have not injured him fails to

2

"inform the named defendants of the legal claims being asserted."   *Galindo v. Lampela*, 513 F.

App'x 751, 753 (10th Cir. 2013).   The Court will dismiss Plaintiff's complaint for failure to state

a claim for relief.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to

28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED; pending motions

are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE